IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:12-cr-91 |
| Brodrick Jamar Jenkins, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Brodrick Jamar Jenkins moves to amend, modify, or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG"). Doc. 1016. The Government opposes the motion. Doc. 1019. Jenkins also moves for emergency injunctive relief. Doc. 1021. For the reasons below, both motions are denied.

I.  **BACKGROUND**

On November 4, 2013, the Court sentenced Jenkins to 252 months' imprisonment for conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Jenkins has filed several motions to reduce his sentence that have all been denied. Doc. 971; Doc. 980; Doc. 1007. In this motion, Jenkins asserts he is entitled to a sentence reduction based on Amendment 782, commonly referred to as the "drug minus 2" amendment to the USSG and that his criminal history was incorrectly calculated.

II.  **DISCUSSION**

Since Jenkins was sentenced in 2013, the USSGs have been amended to provide relief for individuals whose sentencing guideline ranges were increased due to specific drug quantities. United States v. Thomas, 775 F.3d 982, 982 (8th Cir. 2014) As relevant here, "the [Sentencing] Commission expressly made Amendment 782 retroactive (effective November 1, 2015)." Id. at

983. Since Jenkins was sentenced on a drug case, where the applicable guideline range was driven by the drug quantity, he is eligible for relief under Amendment 782. But eligibility does not end the analysis.

When Jenkins was sentenced, his total offense level was a 36, with a criminal history category of IV, resulting in an advisory guideline range of 324 to 405 months. He was sentenced to 252 months, a below the advisory guideline sentence. So, in applying Amendment 782 to the calculation in this case, the amended base offense level is a 30, as opposed to a 32. There was an upward adjustment of plus 7, which remains in effect. See Dillon v. United States, 560 U.S. 817, 821 (2010) (all other guideline application decisions remain unaffected). Giving Jenkins the same 3-level reduction for acceptance of responsibility, his total offense level ends up at a 34, instead of a 36. This results in an advisory guideline range of 262 to 327 months. So, while Jenkins is eligible for relief, the new sentencing guideline range is still higher than the actual sentence he received.

Ultimately, federal courts must determine if a reduction is consistent with applicable policy statements issued by the Sentencing Commission. See Thomas, 775 F.3d at 982. This requires examining the sentencing factors under 18 U.S.C. § 3553(a). The Court has previously analyzed the § 3553(a) as to Jenkins as follows:

> His record includes multiple violent and firearm offenses and demonstrates a consistent inability to remain law-abiding, including while under court-imposed supervision. Significantly, the instant offense occurred while he was on state probation. Accounting for time served and good conduct time, Jenkins still has more than nine years of his sentence left to serve. And that sentence already represents a departure below the contemporary advisory guideline range. Ultimately, the need to protect the public, ensure just and adequate punishment, promote deterrence, and avoid unwarranted sentencing disparities outweighs any factor Jenkins may rely on to justify compassionate release. The applicable § 3553(a) factors, taken as a whole, therefore favor continued incarceration.

Doc. 1007 at 7. The § 3553(a) factors still fail to support a sentence reduction.

Jenkins also claims his criminal history was incorrectly assessed prior to sentencing. Doc. 1006 at 6-8. As an initial matter, even if the Court did not consider the convictions Jenkins now challenges, his remaining criminal history still places him in category VI. As to the merits of this argument, Jenkins suggests certain prior convictions should not be counted towards his criminal history score because he received concurrent sentences with other convictions. However, a criminal history calculation includes "any sentence previously imposed upon adjudication of guilt . . . for conduct not a part of the instant offense." U.S.S.G. § 4A1.2(a)(1). This language is broad and does not exempt concurrent sentences from the criminal history calculation as Jenkins claims.

Finally, Jenkins moved for emergency injunctive relief (Doc. 1021). Injunctive relief is an extraordinary remedy and is unwarranted on these facts. As such, the motion is denied.

### III.     CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Jenkins's motion to amend, modify, or reduce his sentence (Doc. 1016) is **DENIED** and his motion for emergency injunctive relief (Doc. 1021) is also **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of December, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court